Citation Nr: 1456942 
Decision Date: 12/31/14 Archive Date: 01/09/15

DOCKET NO. 06-30 141 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Des Moines, Iowa


THE ISSUES

1. Entitlement to service connection for a cervical spine disability.

2. Entitlement to service connection for a low back disability.

3. Entitlement to service connection for a bilateral hip disability.

4. Entitlement to service connection for neuropathy of the bilateral upper extremities, to include bilateral carpal tunnel syndrome (CTS).

5. Entitlement to service connection for tinnitus.

6. Entitlement to service connection for a psychiatric disability, to include anxiety and depression.


REPRESENTATION

Appellant represented by: The American Legion
WITNESS AT HEARING ON APPEAL

Appellant


ATTORNEY FOR THE BOARD

T. L. Douglas, Counsel


INTRODUCTION

The appellant is a Veteran who served on active duty from March 1975 to April 1978. 

This matter comes before the Board of Veterans' Appeals (Board) by order of the United States Court of Appeals for Veterans Claims in May 2013, which vacated an October 2012 Board decision and remanded the case for additional development. The issues initially arose from rating decisions in October 2004 and May 2005 by the Des Moines, Iowa, Regional Office (RO) of the Department of Veterans Affairs (VA). The tinnitus issue was initially adjudicated in a July 2006 statement of the case and has been developed as an issue on appeal. The case was remanded for additional development in January 2014.

In correspondence received by VA on March 3, 2014, the Veteran expressed disagreement with a January 2014 rating decision denying service connection for a psychiatric disability, including anxiety and depression. Where the Board finds a notice of disagreement has been submitted regarding a matter which has not been addressed in a statement of the case, the issue should be remanded for appropriate action. Manlincon v. West, 12 Vet. App. 238 (1999). As this issue has not been properly addressed in a statement of the case, it must be remanded for appropriate development.

The issues of entitlement to service connection for a cervical spine disability, a low back disability, a bilateral hip disability, neuropathy of the bilateral upper extremities, and a psychiatric disability are REMANDED to the Agency of Original Jurisdiction.


FINDING OF FACT

Tinnitus was not manifest during active service and is not shown to have developed as a result of an established event, injury, or disease during active service.


CONCLUSION OF LAW

Tinnitus was not incurred or aggravated as a result of active service. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

VA has a duty to notify and assist claimants in substantiating claims for VA benefits. 38 U.S.C.A. §§ 5100, 5102, 5103, 5103A, 5107, 5126 (West 2014); 38 C.F.R. §§ 3.102, 3.156(a), 3.159, 3.326(a) (2014). The Veteran was notified of the duties to assist and of the information and evidence necessary to substantiate his claims by correspondence dated in August 2004, January 2005, December 2005, October 2010, and January 2012. He was provided notice with respect to the tinnitus claim in January 2012 and his claim was readjudicated in an April 2012 supplemental statement of the case.

The notice requirements pertinent to the issue addressed in this decision have been met and all identified and authorized records relevant to the matter have been requested or obtained. The available record includes service medical records, VA treatment and examination reports, Social Security Administration (SSA) records, and statements and testimony in support of the claim. The development requested on remand in January 2014 has been substantially completed. The Board finds there is no evidence of any additional existing pertinent records. Further attempts to obtain additional evidence would be futile. 

When VA provides an examination or obtains an opinion, it must ensure that the examination or opinion is adequate. VA medical opinions obtained as to this issue are adequate as they are predicated on a substantial review of the record and medical findings and consider the Veteran's complaints and symptoms. Accordingly, the Board finds that VA's duty to assist with respect to obtaining a VA examination or opinion has been met. 38 C.F.R. § 3.159(c)(4) (2014). The available medical evidence is sufficient for an adequate determination. There has been substantial compliance with all pertinent VA law and regulations and to adjudicate the claim would not cause any prejudice to the appellant.

Service Connection

Service connection may be granted for a disability resulting from injury suffered or disease contracted in the line of duty or for aggravation of preexisting injury suffered or disease contracted in the line of duty. 38 U.S.C.A. §§ 1110, 1131 (West 2014); 38 C.F.R. § 3.303 (2014). In addition, service connection may be granted for any disease diagnosed after discharge, when all of the evidence, including that pertinent to service, establishes the disease was incurred in service. 38 C.F.R. § 3.303(d) (2014). Where a Veteran is seeking service connection for any disability, due consideration shall be given to the places, types, and circumstances of service as shown by the service record, the official history of each organization in which the Veteran served, the Veteran's medical records, and all pertinent medical and lay evidence. 38 U.S.C.A. § 1154(a) (West 2014).

Service connection can be granted for certain chronic diseases if manifest to a degree of 10 percent or more within one year of separation from active service. 38 U.S.C.A. §§ 1101, 1112, 1113 (West 2014); 38 C.F.R. §§ 3.307, 3.309 (2014). Tinnitus, an organic disease of the nervous system, is a chronic disease for presumptive service connection purposes.

For the showing of chronic disease in service, there is required a combination of manifestations sufficient to identify the disease entity, and sufficient observation to establish chronicity at the time, as distinguished from merely isolated findings or a diagnosis including the word chronic. Continuity of symptomatology is required only where the condition noted during service is not shown to be chronic or when the diagnosis of chronicity may be legitimately questioned. When the fact of chronicity in service is not adequately supported, then a showing of continuity after discharge is required to support the claim. 38 C.F.R. § 3.303(b) (2014). Continuity of symptomatology applies to those conditions explicitly recognized as chronic under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

In order to prevail on the issue of entitlement to service connection, there must be (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disease or injury. Hickson v. West, 12 Vet. App. 247 (1999). A Veteran seeking service connection must establish the existence of a disability and a connection between service and the disability. Boyer v. West, 210 F.3d 1351 (Fed. Cir. 2000). 

Medical evidence is required to demonstrate a relationship between a current disability and the continuity of symptomatology demonstrated if the condition is not one where a lay person's observations would be competent. Clyburn v. West, 12 Vet. App. 296 (1999). Whether lay evidence is competent and sufficient in a particular case is an issue of fact and lay evidence can be competent and sufficient to establish a diagnosis when (1) a layperson is competent to identify the medical condition (sometimes the layperson will be competent to identify the condition where the condition is simple, for example, a broken leg, and sometimes not, for example, a form of cancer), (2) the layperson is reporting a contemporaneous medical diagnosis, or (3) lay testimony describing symptoms at the time supports a later diagnosis by a medical professional. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007).

Lay evidence presented by a Veteran concerning continuity of symptoms after service may generally be considered credible and ultimately competent, regardless of a lack of contemporaneous medical evidence. Buchanan v. Nicholson, 451 F.3d 1331 (2006). The Board has the authority to discount the weight and probity of evidence in light of its own inherent characteristics and its relationship to other evidence. Madden v. Gober, 125 F.3d 1477 (Fed. Cir. 1997). VA may favor one medical opinion over another, provided an adequate basis is provided. Owens v. Brown, 7 Vet. App. 429 (1995).

It is the policy of VA to administer the law under a broad interpretation, consistent with the facts in each case, with all reasonable doubt to be resolved in favor of the claimant. 38 C.F.R. § 3.102 (2014).

The Veteran contends that he was exposed to noise while on active duty due to his service as a truck operator with exposure to loud engine noise. He denied being provided any hearing protection. Service show his duties included service as a military policeman and as a heavy truck driver. The service medical records are negative for complaint, treatment, or diagnosis related to tinnitus. In a November 1977 report of medical history, the Veteran denied having ever had any ear, nose, or throat trouble or hearing loss. A November 1977 separation examination shows a normal clinical examination of the ears. 

Private treatment records dated in June 1993 shows that the Veteran reported having a significant history of noise exposure and periodic tinnitus. An April 2004 VA consultation report noted he stated he had a history of in-service exposure to loud machinery. 

On VA audiology examination in July 2006, the Veteran reported a history of in-service noise exposure as a vehicle operator hauling heaving equipment and aircraft parts without the use of hearing protection. He denied any recreational or post-military noise exposure. He reported the onset of tinnitus five to six years earlier. The examiner found it was not likely that the Veteran's tinnitus was the result of noise exposure during service. It was noted the opinion was based upon clinical experience and professional expertise. The examiner further explained that exposure to either impulse sounds or continuous noise can cause a temporary threshold shift, which usually abated after sixteen to forty-eight hours after the exposure. The examiner stated that since damage from noise exposure occurred at the time of exposure, a normal audiogram subsequent to the exposure would verify that hearing recovered without a permanent threshold shift of hearing loss.

A March 2014 VA examination report noted the Veteran reported recurrent tinnitus that was constant and that began in 2000. The examiner noted the Veteran had a diagnosis of clinical hearing loss, and that tinnitus was at least as likely as not a symptom associated with the hearing loss. The examiner also found that it was less likely that tinnitus was caused by or a result of service noise exposure. The rationale for the opinion included that his tinnitus was reported to have had its onset in 2000, and that hearing tests in 1975 and 1977 were normal without any indication of auditory threshold shift during service.

Based upon the evidence of record, the Board finds tinnitus was not manifest during active service and is not shown to have developed as a result of an established event, injury, or disease during active service, or to have manifested to compensable degree within one year following separation from service. There is no evidence of symptoms manifest prior to 2000, more than 20 years after service. Although the medical evidence indicates tinnitus is a symptom of hearing loss, service connection for bilateral hearing loss was denied in an October 2010 Board decision. The opinions of the July 2006 and March 2014 VA examiners are found to be persuasive. The examiners are shown to have conducted thorough examinations, to have reviewed the pertinent evidence of record, and to have provided adequate rationale for the etiology opinions. The examiners are also shown to have adequately considered the Veteran's statements as to symptom manifestation and his in-service noise exposure. Dalton v. Nicholson, 21 Vet. App. 23 (2007). 

The Board further finds that the Veteran is competent to provide evidence as to observations and some medical matters, but not to establish a medical diagnosis or provide opinions as to etiology. Jandreau v. Nicholson, 492 F.3d 1372 (Fed. Cir. 2007); Buchanan v. Nicholson, 451 F.3d 1331 (2006). As questions of medical diagnosis and a relationship to service are complex etiological questions of the type of medical matters which laypersons are not competent to provide, his statements are insufficient to establish service connection. Davidson v. Shinseki, 581 F.3d 1313 (Fed. Cir. 2009) (Board must determine whether claimed disability is type of disability for which lay person is competent to provide etiology or nexus evidence). There is no indication that the Veteran has any medical training or expertise as to this disorder and he is not competent to provide etiology opinions regarding an association between his post-service onset of tinnitus and in-service noise exposure. Furthermore, the Veteran has reported that tinnitus began in 2000, thus a continuity of symptomatology is not shown. The Veteran has not submitted any competent evidence that links current tinnitus to service.

When all the evidence is assembled VA is then responsible for determining whether the evidence supports the claim or is in relative equipoise, with the claimant prevailing in either event, or whether a preponderance of the evidence is against the claim in which case the claim is denied. Gilbert v. Derwinski, 1 Vet. App. 49 (1990); Ortiz v. Principi, 274 F. 3d 1361 (Fed. Cir. 2001). The Board finds that the preponderance of the evidence is against the claim, and that service connection must be denied. 


ORDER

Entitlement to service connection for tinnitus is denied.


REMAND

Although the issues of entitlement to service connection for a cervical spine disability, a low back disability, a bilateral hip disability, and neuropathy of the bilateral upper extremities were previously remanded, the Board finds that further development is required for adequate determinations. It is significant to note that in the May 2013 order granting a joint motion for remand the Court found that, as the Board had found the Veteran's reports of in-service symptoms were credible, the opinions of VA examiners in September 2008 and November 2011 noting the absence of evidence of an in-service injury were based upon an inaccurate factual predicate. 

Subsequent to the Board's January 2014 remand, VA medical opinions were obtained in March 2014, and the examiner found that "there are no medical records over time nor any solid, FACTUAL basis to support" the contention that back pain and arthritis was related to lifting heavy wall lockers. The examiner also found that "[e]ven though the veteran appears to be reporting in service symptoms and continued symptoms, and even though he appears to be genuine and markedly debilitated, and since we are being informed that he has lay statements regarding onset and continuity, firm and reliable medical factual evidence and rationale MUST prevail at all times." However, the Board finds that the examiner did not identify the medical factual evidence and rationale considered to be more reliable than the Veteran's post-service reports, the statement from his parents dated in March 2007, and the statements of fellow servicemen dated in November 2010 and May 2011. In fact, the examiner's comments indicate that the lay statements regarding onset and continuity were not actually reviewed. Therefore, the Board finds no basis to revisit the prior credibility determination. Therefore, further development is required.

An examination is inadequate where the examiner does not comment on a Veteran's report of in-service injury and, instead, relies on the absence of evidence in the Veteran's service treatment records to provide a negative opinion. Dalton v. Nicholson, 21 Vet. App. 23 (2007). An absence of actual evidence is not substantive negative evidence. McLendon v. Nicholson, 20 Vet. App. 79 (2006).

A January 2014 rating decision denied service connection for a psychiatric disability, to include anxiety and depression, and correspondence received in March 2014 expressed disagreement with the decision. Therefore, the matter must be remanded for the issuance of a statement of the case. Manlincon v. West, 12 Vet. App. 238 (1999). 

Accordingly, the case is REMANDED for the following action:

1. Issue a statement of the case as to the issue of entitlement to an service connection for a psychiatric disability, to include anxiety and depression. Inform the Veteran and representative that a substantive appeal must be submitted to perfect an appeal.

2. Obtain all pertinent VA and private medical records not yet associated with the record.

3. Request that the March 2014 VA examiner provide a clarifying opinion based upon a review of the complete record, including the lay statements regarding onset and continuity. The examiner should explain any medical factual evidence considered to be more reliable than the Veteran's post-service reports, a March 2007 statement from his parents, and the statements dated in November 2010 and May 2011 from fellow servicemen and provide a rationale for the previous opinion. If the March 2014 examiner is unavailable, the requested opinions should be obtained from another medical doctor specialist. Any necessary examinations, tests, and studies should be conducted.

4. Then, readjudicate the claims remaining on appeal. If any decision is adverse to the appellant, issue a supplemental statement of the case and allow the applicable time for response. Then, return the case to the Board.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board or the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



____________________________________________
Harvey P. Roberts
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs